# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY GUZMAN, | Case No.  1:25-cv-00902-BAM (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS |
| v. | (ECF No. 15) |
| RODRIGUEZ, *et al.*, | |
| Defendants. | |

Plaintiff Jeremy Guzman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On February 10, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 12.)  Plaintiff's first amended complaint, filed on March 27, 2026, is currently before the Court for screening.  (ECF No. 15.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff names the following defendants: (1) Correctional Officer R. Rodriguez; (2) Correctional Officer Gunner; and (3) Dr. Anthony Hales.

Plaintiff alleges that on April 2, 2023, he was confined at CSATF when he yelled "man down" due to a slip and fall inside the cell. (ECF No. 15 at 7.) Several prison guards escorted him to CTC hospital on the prison grounds and took him to see a registered nurse. Upon evaluation, medical staff stated to Plaintiff that they would bring him back on Monday for an x-ray. Plaintiff was sent back to the housing unit. On the way back to the unit, Plaintiff was escorted by several correctional officers, including Defendants Gunner and Rodriguez.

Defendant Gunner placed Plaintiff into a golf cart transportation vehicle. Plaintiff was in waist restraints and leg irons. Plaintiff noticed that the golf cart had no seat belt and no way to secure Plaintiff into the vehicle. Once inside, Defendant Rodriguez began to drive very fast and in a reckless manner, swerving the golf cart left and right. Officer Gunner attempted to grab

2

Plaintiff, at which point Plaintiff fell out of the moving vehicle.  The tires of the cart ran over Plaintiff's stomach, legs, and foot.  Plaintiff was disoriented and in severe pain as he lay on the ground.

Defendant Rodriguez and Gunner, and several other officers who were present, instead of assisting Plaintiff off the ground, took out their cell phones and started making calls to their superiors.  Several minutes after the incident, a nurse arrived and asked was Plaintiff "okay," to which Plaintiff stated that he was in severe pain and needed medical assistance and evaluation. (ECF No. 15 at 8.)  Plaintiff was then seen by a doctor, identified as Defendant Anthony Hales. Instead of evaluating Plaintiff and then providing medical care, Dr. Hales was deliberately indifferent to Plaintiff's pain and injuries and placed Plaintiff on suicide watch.  Plaintiff was then thrown into an empty cell.  Plaintiff at that point became fearful and screamed for help due to the pain in his body, feet, and legs.  Dr. Hales stated that the matter was out of his hands and that he had got a call from the "higher ups" not to allow Plaintiff to leave the prison grounds.  (*Id.*)  It was not until two years after the incident that Plaintiff received an x-ray and was evaluated by actual hospital doctors.  Plaintiff was given a walking cane to assist with his injuries and was placed in physical therapy, where he remains.

Plaintiff claims that Defendant Hales violated his Eighth Amendment right to medical treatment/care by refusing to provide treatment when he became aware of Plaintiff's injuries. Plaintiff claims that Defendant Gunner violated his Eighth Amendment right to safety when he failed to properly secure Plaintiff in his vehicle.  Plaintiff claims that Defendant R. Rodriguez violated his Eighth Amendment "right to safety and protection, when he drove a golf cart vehicle that Plaintiff was in, in a reckless manner causing plaintiff to fall from the cart and sustain injuries."  (ECF No. 15 at 9.)

As relief, Plaintiff seeks compensatory damages.

**III.    Discussion**

**A. Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate

indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Liberally construing the allegations at the pleading stage, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Dr. Hales.

### B. Eighth Amendment - Deliberate Indifference to Safety

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. *See Estelle*, 429 U.S. at 104; *Toguchi*, 391 F.3d at 1057.  A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*, 511 U.S. at 834. Negligence, or even gross negligence, does not violate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

The failure to provide or secure a seatbelt to Plaintiff during transport, standing alone, may not give rise to a constitutional claim.  *See Thomas v. Rodriguez*, No. 3:16-cv-02211-AJB-JMA, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017) (discussing cases); *see also Vaughn v. Jones*, No. 1:18-CV-01329 AWI BAM PC, 2019 WL 1508460, at *3 (E.D. Cal. Apr. 5, 2019) (concluding plaintiff's allegations that he was shackled, denied a seatbelt by officers, and the officer was driving recklessly at excessive speeds, and then hit an animal, plausibly suggested an Eighth Amendment deliberate indifference claim), report and recommendation adopted, No. 1:18-CV-01329 AWI BAM PC, 2019 WL 3080786 (E.D. Cal. July 15, 2019).  "However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors *may* violate the Eighth Amendment." *Thomas*, 2017 WL 3896738, at *4.

Here, liberally construing Plaintiff's allegations that Defendant Gunner placed Plaintiff into the golf cart, which had no seat belt or way to secure Plaintiff who was in waist restraints and leg irons, and that Defendant Rodriguez was driving fast, recklessly, and swerving, the Court finds Plaintiff states an Eighth Amendment claim for deliberate indifference to safety against Defendants Rodriguez and Gunner.

### IV.    Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a

5

cognizable claim against Defendant Dr. Hales for deliberate indifference to serious medical needs in violation of the Eighth Amendment and states a cognizable claim against Defendants Gunner and Rodriguez for deliberate indifference to safety in violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed on March 27, 2026, against Defendant Dr. Anthony Hales for deliberate indifference to serious medical needs in violation of the Eighth Amendment and against Defendants Gunner and R. Rodriguez for deliberate indifference to safety in violation of the Eighth Amendment.

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **April 7, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE